UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEFFREY H.,

      Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

CASE NO. C18-5435 BAT

**ORDER AFFIRMING THE COMMISSIONER'S DECISION AND DISMISSING THE CASE WITH PREJUDICE**

Plaintiff contends that the ALJ harmfully erred by misevaluating (**1**) plaintiff's testimony and (**2**) the medical evidence because if plaintiff had been limited to **sedentary** instead of **light** work he would be entitled to SSI benefits throughout the relevant period rather than only once his age category changed. Dkt. 11. The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is 56 years old and has past relevant work as an operating engineer. He alleged disability that began in June 2012 and applied for benefits in November 2014. Utilizing the five-step disability evaluation process, the ALJ found that plaintiff's severe impairments included spondylotic changes with foraminal narrowing in the lumbar spine, degenerative changes of the thoracic spine, status-post right knee replacement, arthritis of the left knee, learning disorder, and

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 1

borderline intellectual functioning; that plaintiff has the residual functional capacity ("RFC") to perform light work with various restrictions, such as being able to sit/stand/walk for 6 hours in an 8-hour workday so long as he can alternate between sitting and standing at will; and, although plaintiff could not return to his past relevant work, that his RFC permitted him to perform jobs that existed in significant numbers in the national economy prior to February 2017. Tr. 16–30. The ALJ therefore concluded that plaintiff was not disabled prior to becoming an individual of advanced age in February 2017. Tr. 37.

## DISCUSSION

The Court will reverse the ALJ's decision only if it was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account of an error that is harmless. *Id.* at 1111. Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues that had the ALJ properly weighed (**1**) plaintiff's testimony and (**2**) the medical evidence regarding his back and knee pain, he would have been restricted to sedentary, not light, work and would therefore be entitled to benefits throughout the relevant period.[1] Although plaintiff advances a plausible, alternative interpretation of the evidence, the Court finds that the ALJ's decision was supported by substantial evidence and was free of harmful legal error.

---

[1] Because plaintiff restricts his challenge to the ALJ's assessment of plaintiff's physical limitations, the Court does not examine the ALJ's assessment of social and mental limitations.

1. **Plaintiff's Testimony**

Plaintiff contends that the ALJ improperly discounted his testimony. The Court disagrees. Once there is a medically determinable impairment that could reasonably be expected to cause a claimant's symptoms, specific, clear and convincing reasons are needed to reject a claimant's testimony if there is no affirmative evidence of malingering. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). Among other reasons, the ALJ discounted the severity of plaintiff's testimony about his back and knee pain because it was inconsistent with (**1**) the objective medical evidence and (**2**) his activities. Tr. 21–26.

First, the ALJ found that the objective medical evidence was inconsistent with plaintiff's allegations that since the alleged onset date of June 1, 2012—the date on which he stopped working, admittedly due to the economy—he could lift only 5 to 10 pounds, could walk only a block, and could stand only for 10 to 15 minutes. Tr. 21. In February 2014, treating physician Charles Nussbaum, M.D., noted that plaintiff "used to work with . . . heavy equipment he has owned, but he has not worked in the last 2 years because of the economy." Tr. 365; *see* Tr. 22. With respect to his spine, Dr. Nussbaum noted:

> There is a modest foraminal narrowing. This does not really look all that severe to me. There has really been no progression in the last year. The MRI does not show severe nerve root impingement on the right. . . . He really does not have any active evidence of a radiculopathy on examination either.

Tr. 365–66. Although plaintiff complained of back pain in October 2014, the treating physician assistant referred only to tenderness of the lumbar spine. Tr. 22, 342. In March 2015, there was no indication of neurological or musculoskeletal abnormalities. Tr. 22, 453. Although plaintiff presented with back pain in July 2015, it was noted that the pain came from: "[mo]ving heavy cabinet 2 weeks ago, felt pull in left chest. Pain improved after a few days. W[a]s moving another piece of furniture and pain recurred." Tr. 499; *see* Tr. 22. At that time, he felt pain when

he pushed on the affected area, felt no pain when resting, and was taking no pain medications. Tr. 499. Consistent with that report, in October 2015, plaintiff referred to an onset of back pain three months prior, noted that the pain was relieved by ibuprofen, and noted that he had been helping a friend build a house. Tr. 495. Although plaintiff periodically complained of back pain, surgery was never indicated and he was treated predominantly with over-the-counter medications, rarely with oxycodone, and with recommendations for physical therapy. Tr. 22–23, 495–97, 591. In addition, though there were times that he was reported to have an antalgic gait, throughout 2016 there were various times he had a non-antalgic gait as well as full motor strength, full range of motion in the lumbar spine, and no acute distress. *See, e.g.*, Tr. 535, 537, 539. With respect to plaintiff's knee impairments, plaintiff underwent a right total knee replacement in July 2014, i.e., four months before his SSI application date and two years after his alleged onset date of disability. Tr. 24, 369, 384. Examinations from 2014 through 2016 showed a stable right knee replacement with no more than mild abnormalities. Tr. 390, 496–97, 535, 539–40, 556.

Second, the ALJ found that plaintiff performed activities that belied the severity of back and knee pain that he attested to. Tr. 22–24. In April 2014, a few months prior to his right knee replacement, his treating physician noted that plaintiff's right knee had been acting up because "[f]ive or six days ago, [plaintiff] started doing some heavy work felling trees and stacking wood on a property that is being developed." Tr. 397. As mentioned earlier, in July 2015 plaintiff reported feeling pain in his back when he was moving furniture and had the back pain recur when moving another piece of furniture. Tr. 499. In November 2016. Plaintiff reported that "doing anything" increased his back pain, "but particularly walking for long periods of time, sitting in a car, or any kind of physical work such as trying to load a bunch of wood in a

wheelbarrow or bending." Tr. 594. He also reported "walking his dog with breaks for a total of 1 hour." Tr. 594.

The Court finds that the ALJ cited two clear and convincing reasons supported by substantial evidence for discounting plaintiff's testimony about the severity of his symptoms: inconsistency with the objective medical evidence and plaintiff's activities. The Court need not address the ALJ's other alleged errors, e.g., implying that not using more narcotic pain medications suggested lack of severity and labelling spinal cord injections and surgical implantation as "conservative measures." Tr. 23. Even presuming the other reasons to be erroneous, the errors are harmless. *See Carmickle v. Comm'r, SSA*, 533 F.3d 1155, 1162 (9th Cir. 2008) (including an erroneous reason among other reasons to discount a claimant's credibility does not negate the validity of the overall credibility determination and is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence). Although plaintiff raises a plausible, alternative interpretation of plaintiff's testimony, the Court may not supplant the ALJ's findings merely by identifying alternative findings. *See Arkansas v. Oklahoma*, 503 U.S 91, 113 (1992).

2. **Medical Evidence**

Plaintiff argues that the ALJ erred as a matter of fact and law by giving too little weight to the medical opinions of treating physician James Babington, M.D., and reviewing physicians Myrna Palasi, M.D., and Wayne Hurley, M.D. The Court disagrees.

As an initial matter, the Court rejects plaintiff's suggestion that Dr. Babington's treating opinion was uncontroverted and therefore had to be rejected by citation to clear and convincing reasons. Dkt. 11, at 2. Dr. Babington's opinion was contradicted by the opinion of reviewing physician Alnoor Virji, M.D., who in June 2015 opined that plaintiff could lift 20 pounds

occasionally, 10 pounds frequently, and could sit/stand/walk about 6 hours in an 8-hour workday. *Compare* Tr. 100–02 (Dr. Virji) *with* Tr. 569, 591 (Dr. Babington). The Court therefore examines whether the ALJ cited specific and legitimate reasons for discounting Dr. Babington's controverted treating opinion. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). The non-treating, non-examining opinions of Drs. Palasi and Hurley may be rejected "by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998).

### a. Dr. Babington's Treating Opinion

The ALJ assigned little weight to Dr. Babington's October and December 2016 opinions that indicated that plaintiff was unable to work because (1) the question of disability is one reserved for the Commissioner, (2) the opinions were not consistent with the objective medical record, (3) the opinions were not consistent with plaintiff's activities, and (4) the opinions contained no explanation or discussion of what plaintiff could and could not do. Tr. 27. All four reasons are specific and legitimate.

First, the ALJ merely restated the law in noting that the question of disability was one reserved to the Commissioner. *See* 20 C.F.R. § 416.927(d); *McLeod v. Astrue*, 640 F.3d 881, 84 (9th Cir. 2011). Second, the ALJ noted that there were few objective abnormalities that would be expected to substantially limit plaintiff's functioning given he had full strength, a normal electromyography ("EMG"), generally intact range of motion, only some tenderness, and only a slightly antalgic gait at times. Tr. 27, 341–49, 365–66, 397, 402, 452–54, 481, 495, 498, 532, 535, 556–68, 573–76, 584–97. Third, as discussed earlier, plaintiff engaged in heavy lifting activities such as such as carting and stacking wood, moving furniture, and building houses, that contradicted Dr. Babington's opinion. Tr. 397, 495, 499, 594. Fourth, Dr. Babington's opinions

were conclusory and provided no specifics about plaintiff's physical limitations. The substantive entirety of Dr. Babington's October 2016 opinion was: "[Plaintiff] was seen in our office on 10/4/16. Patient is not able to work due to severe back pain and post laminectomy syndrome." Tr. 569. In December 2016, Dr. Babington noted that repeat MRIs showed no significant change in symptoms and that plaintiff had a normal EMG nerve conduction study but concluded with no significant explanation that "[h]e is not able to walk 200 feet without significant pain and discomfort" and "[h]e is significantly disabled." Tr. 591. The ALJ reasonably determined that Dr. Babington's opinion lacked specificity and support.

The ALJ cited specific and legitimate reasons for discounting the opinions of treating physician Dr. Babington.

### b. Dr. Palasi's and Dr. Hurley's Reviewing Opinions

The ALJ assigned little weight to the opinions of the non-treating, non-examining physicians Drs. Palasi and Hurley. Tr. 27–28. The Court finds that the ALJ referred to specific evidence from the record to discount these reviewing opinions.

Dr. Palasi limited plaintiff to light work but opined that he was unable to stand for 6 out of 8 hours and had significant limitations in postural activities and the ability to perform activities within a schedule and maintain attendance. Tr. 431. The ALJ discounted Dr. Palasi's opinion for, among other things, inconsistency with the objective medical record and with plaintiff's activities. Tr. 27. As discussed earlier, these were specific and legitimate reasons to discount Dr. Babington's opinion and they constitute references to specific evidence to discount Dr. Palasi's opinion.

Dr. Hurley limited plaintiff to sedentary work with significant postural and motor skill restrictions. Tr. 429. The ALJ discounted Dr. Hurley's opinion for, among other things, the same

reasons cited to discount Dr. Palasi's opinion, i.e., inconsistency with the objective medical record and plaintiff's activities. Tr. 27. Those reasons constitute references to specific evidence in the record.

To the extent plaintiff contends that the ALJ erred by noting that the opinions of Drs. Palasi and Hurley predated the relevant time period when, in fact, the opinions postdated the alleged onset date of disability but predated the SSI application date, such an error was harmless given the other specific and valid reasons given. Similarly, to the extent plaintiff contends that the ALJ erred by not being more specific about what relevant evidence Dr. Hurley failed to have in front of him before providing his opinion, that error also was harmless given the specific references to contraindications in the medical record and plaintiff's activities cited to discount the opinions of Drs. Palasi and Hurley.

The ALJ referred to specific evidence from the record to discount these reviewing opinions of Drs. Palasi and Hurley.

In sum, the Court may not reverse because plaintiff's interpretation differs from the ALJ's reasonable interpretation of the medical evidence. The ALJ supported her evaluation of the medical record, including her evaluation of the opinions of Drs. Babington, Palasi, and Hurley, with substantial evidence and this evaluation was free from harmful legal error.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 30th day of January, 2019.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge